## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

DONNA M. LOWE,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
DE-0714-19-0285-I-1

DATE:  August 21, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

Donna M. Lowe, Tucson, Arizona, pro se.

Maxine N. Romero, Phoenix, Arizona, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her removal pursuant to 38 U.S.C. § 714.  For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

decision, and REMAND this matter to the field office for further adjudication in accordance with this Remand Order.

## DISCUSSION OF ARGUMENTS ON REVIEW

The appellant's arguments on review do not provide a basis to disturb the initial decision.

The appellant asserts that the administrative judge failed to consider all of the evidence in the record and disagrees with some of the administrative judge's findings of fact. Petition for Review (PFR) File, Tab 1 at 4-6. We have considered all of the appellant's assertions in this regard; however, we find that they do not provide a basis to disturb any of the administrative judge's reasoned factual findings. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *see also Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant contends that the administrative judge improperly informed her that she needed to limit her witnesses and documentary evidence. PFR File, Tab 1 at 4-6. An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010). Here, the appellant has not made such a showing. Indeed, the appellant withdrew her requests for three witnesses that she had initially sought, and the administrative judge disallowed only one of her proffered witnesses on the basis that his anticipated testimony was "unnecessarily cumulative." Initial Appeal File (IAF),

Tab 12 at 5, Tab 13 at 2, Tab 14 at 5; *see Thomas*, 116 M.S.P.R. 453, ¶ 4. The appellant did not object to this reasoned ruling; thus, her contentions regarding witnesses are unavailing. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that an appellant's failure to timely object to rulings on witnesses precludes her doing so on petition for review). Moreover, the appellant neither identifies the testimony and documentary evidence that she was allegedly precluded or dissuaded from introducing nor explains how this evidence could have affected the outcome of her appeal. *See Sanders*, 114 M.S.P.R. 487, ¶ 10. Thus, the appellant's evidentiary contentions are unavailing.

Lastly, the appellant avers that she is unable to "go back and review any information in regards to the hearing" because she was not provided with a written copy of the hearing transcript. PFR File, Tab 1 at 5. She explains that she attempted to obtain a copy of the transcript, but she was told that she would have to pay for the transcript, which she could not afford. *Id*. An appellant is not entitled to a copy of the written hearing transcript free of charge. *See* 5 C.F.R. § 1201.53(b) ("Any party may request that the court reporter prepare a full or partial transcript, at the requesting party's expense."). Indeed, Board regulations provide that a recording of the hearing may serve as the official hearing record. 5 C.F.R. § 1201.53(a). Here, the official hearing record, i.e., the hearing recording, was available to the appellant. IAF, Tab 17, Hearing Recording. Thus, the appellant's contentions are unpersuasive.

Accordingly, the appellant's petition for review does not meet the standard set forth in 5 C.F.R. § 1201.115 for granting Board review, and her petition would ordinarily be denied.

We remind the matter for the administrative judge to provide the parties with an opportunity to present evidence and argument regarding whether the agency's error in sustaining the removal based on substantial evidence harmed the appellant.

Notwithstanding the above findings, remand of the appeal is required for a different reason. To this end, the deciding official here sustained the agency's

action because she found that there was substantial evidence to support the charge levied against the appellant, i.e., conduct unbecoming a Federal employee. IAF, Tab 4 at 10. After the initial decision in this case was issued, the U.S. Court of Appeals for the Federal Circuit found in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290 (Fed. Cir. 2021), that the agency had erred by applying the substantial evidence standard to its internal review of a disciplinary action under 38 U.S.C. § 714. *Rodriguez*, 8 F.4th at 1296-1301. The Federal Circuit found that substantial evidence[2] is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence[3] standard in determining whether the appellant's performance or misconduct warrants the action at issue. *Id.* at 1298-1301; *see Bryant v. Department of Veterans Affairs*, 26 F.4th 1344, 1347 (Fed. Cir. 2022) (agreeing with the appellant's contention that the agency's decision was legally flawed when the deciding official found the charge proved merely by substantial evidence rather than preponderant evidence, as required by *Rodriguez*).

The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. The administrative judge and the parties here did not have the benefit of *Rodriguez* prior to the close of the record. We therefore remand this case for adjudication of whether the agency's application of the substantial evidence standard was harmful error. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714). A harmful error is an error by the agency in the application of its procedures that is likely to have caused the agency to

---

[2] Substantial evidence is the degree of relevant evidence a reasonable person, considering the record as a whole, might accept as adequate to support a conclusion, even though other reasonable persons might disagree. 5 C.F.R. § 1201.4(p).

[3] Preponderant evidence is that degree of relevant evidence a reasonable person, considering the record as a whole, would accept as sufficient to find a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

reach a different conclusion from the one it would have reached in the absence or cure of the error. *Ronso v. Department of the Navy*, 122 M.S.P.R. 391, ¶ 14 (2015); 5 C.F.R. § 1201.4(r). The appellant bears the burden of proving her affirmative defenses by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(C). On remand, the administrative judge should provide the parties with an opportunity to present evidence and argument, including a supplemental hearing if requested by the appellant, addressing whether the agency's use of the substantial evidence standard constituted harmful error.

<u>On remand, the administrative judge should allow the parties an opportunity to present evidence and argument regarding whether the agency considered the *Douglas* factors in determining the penalty.</u>

In *Connor v. Department of Veterans Affairs*, 8 F.4th 1319 (Fed. Cir. 2021), which also was issued subsequent to the initial decision, the Federal Circuit found that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under an action taken pursuant to 38 U.S.C. § 714. *Connor*, 8 F.4th at 1325-26. The Federal Circuit found that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," *id.* at 1326, and that, although the Board cannot mitigate the penalty, "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty," *id.* at 1326-27 (citing *Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1325 (Fed. Cir. 2021) (explaining that "if the [Board] concludes that the [agency's] removal decision is unsupported by substantial evidence, the [Board] should remand to the [agency] for further proceedings")). As we found with the *Rodriguez* case, the Federal Circuit's decision in *Connor* applies to all pending cases, regardless of when the events at issue took place. *See Semenov*, 2023 MSPB 16, ¶¶ 22, 49-50.

Here, the administrative judge did not address the *Douglas* factors, and it is unclear from the record as to whether the agency properly considered the *Douglas* factors in deciding to remove the appellant. IAF, Tab 18, Initial Decision (ID) at 16. On remand, the administration judge shall permit the parties to submit additional evidence and argument, including a supplemental hearing if requested by the appellant, addressing the penalty issue. *See Semenov*, 2023 MSPB 16, ¶ 50. In reviewing the penalty, the administrative judge should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and whether the agency's penalty selection was reasonable and, if not, the administrative judge should remand the appellant's removal to the agency for a new decision on the appropriate penalty. *See id.* (citing *Connor*, 8 F.4th at 1326-27; *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1375-76, 1379 (Fed. Cir. 2020)).[4]

**ORDER**

For the reasons discussed above, we remand this case to the field office for further adjudication in accordance with this Remand Order. As outlined above, the administrative judge shall address whether the agency's error in applying the substantial evidence burden of proof to its action was harmful. If the administrative judge determines that the agency's error in applying the incorrect burden of proof was not harmful, then he shall determine whether the agency proved by substantial evidence that it applied the relevant *Douglas* factors and that the penalty was reasonable.[5] The administrative judge may, if appropriate, incorporate into the remand decision his prior findings concerning the agency's

---

[4] If remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner*, 990 F.3d at 1324 (observing that the VA Accountability Act maintains due process protections for employees); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999).

[5] If the administrative judge finds that the agency committed harmful error such that the disciplinary action is not sustained, he need not address the penalty issue.

proof of its charge.[6] The administrative judge may also incorporate into the remand decision, if appropriate, his prior findings regarding the appellant's affirmative defenses of disparate treatment disability discrimination and retaliation for equal employment opportunity activity, but in doing so, the administrative judge must apply the analytical framework set forth in *Pridgen v. Office of Management and Budget*, 2022 MSPB 31.[7]

FOR THE BOARD: _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.

_____

[6] If any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue in this appeal, he should address such argument or evidence in the remand decision.

[7] The administrative judge concluded that the appellant failed to prove her affirmative defenses because she failed to show that any prohibited considerations were a motivating factor in the agency's decision to remove her. ID at 15-16. After the initial decision was issued, the Board issued it its decision in *Pridgen*. In light of the administrative judge's findings, the change in analytical framework articulated in *Pridgen* appears not to provide a basis to disturb the administrative judge's conclusion regarding the appellant's affirmative defenses.